Ex Parte Hopkins, Assignee.

Filed Nov. 9, 1885.

---

No. 12,483.

Ex Parte Hopkins, Assignee.

104  157
152  457

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Exemption.*—One who makes a voluntary assignment for the benefit of his creditors, stands merely on the same footing as regards exemption of property as an execution debtor.

SAME.—*Assignment by Partners.*—An assignment by partners of the partnership property for the payment of the firm debts is valid, although it does not embrace the individual property of any of the partners.

SAME.—*Partner not Entitled to Exemption from Firm Assets.*—Where partners make a voluntary assignment of the partnership property for the benefit of their creditors, they are not entitled to any exemption from such property until the partnership debts are fully paid.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler, S. B. Voyles* and *H. Morris,* for appellant.

HOWK, J.—On the 1st day of February, 1883, William F. Alexander and William R. Logan, then partners in busi-

ness under the firm name of W. F. Alexander & Co., at Salem, in Washington county, being indebted and in embarrassed and failing circumstances, made a voluntary assignment to the appellant Hopkins, in trust for the benefit of all their *bona fide* creditors, of all their property, rights, credits, moneys and effects, of every kind and description. The appellant Hopkins accepted the trust, qualified and entered upon the discharge of his duties as such assignee. On the 29th day of December, 1884, the assignee Hopkins submitted to the court a verified report of his proceedings, as such assignee, which report he asked the court to approve and confirm, and to discharge him from the duties of his trust.

Upon this report, the court made a special finding of facts, and stated its conclusions of law thereon, in substance, as follows:

The court finds that William F. Alexander and William R. Logan were partners, doing business under the name and style of W. F. Alexander & Co.; that as such partners and individuals, they made a voluntary assignment to George E. Hopkins, under the statute of the State of Indiana regulating voluntary assignments for the benefit of creditors; that all of the property assigned was partnership property, no individual property of either of the assignors being included in such assignment; that all the indebtedness filed and allowed against the estate of said assignors, and against said assignee, was copartnership indebtedness, there being no indebtedness of either of said assignors filed and allowed. And the court further finds, that the appraisers set off to and said assignee allowed each of said assignors to claim and hold, from said partnership property, goods and cash to the value of $600 each, making a total of $1,200, as exempt under said statute from sale for the payment of the indebtedness, and said assignee now claims credit for said sum of $1,200, exempted from sale as aforesaid.

Upon the foregoing facts, the court states as a conclusion of law, that said assignors are not entitled to take or hold

any goods, chattels or money, of or belonging to said partnership assets, as exempt from sale, until the copartnership debts are paid.    And the court refuses to confirm said report and allow said credit of $1,200 to said assignee, and the remainder of said report the court finds to be correct, and said assignee is ordered to collect from said assignors the sum of $600 each, and to pay the same into court for the use and benefit of the creditors herein, to which ruling of the court and conclusion of law, the assignee George E. Hopkins at the time excepts.

From the action of the circuit court upon his report, the assignee Hopkins prosecutes this appeal and has here assigned errors which call in question the court's conclusion of law, its refusal to confirm his report, and its order directing him to collect from each assignor the sum allowed him as an exemption.    In argument, however, the assignee's counsel expressly state "that there is but one question in this case, namely : Are the partners entitled to the exemption provided for by section 2670, R. S. 1881, from partnership assets, where there are no individual assets?"

We are authorized, therefore, to confine our opinion in this case to the consideration and decision of this one question, especially so, we think, as no other question is even suggested by the assignee's counsel in their brief of this cause.

Under the law of this State providing for voluntary assignments of personal and real property in trust for the benefit of creditors, which has been in force since August 6th, 1859, it has been held by this court, and correctly so we think, that an assignment by copartners of all the copartnership property, for the payment of the partnership debts, will be valid, although it does not embrace the individual property of any of the partners.    *Blake* v. *Faulkner*, 18 Ind. 47.    In this case the court found, as we have seen, that all of the property assigned was partnership property, and that no individual property of either of the partners was included in their assignment.    The indenture of assignment, which appears in

the record of this cause, shows upon its face that it was exe-
cuted in trust for the benefit of all the *bona fide* creditors of
the partnership, and the individual creditors of either of the
partners, if there were any, were not mentioned or provided for
in such indenture. The court found that all the indebtedness,
filed and allowed against the trust estate or against the assignee,
was copartnership indebtedness, and that no individual debt
of either of the partners had been filed and allowed.

In the ninth section of the voluntary assignment law (sec-
tion 2670, R. S. 1881), it is provided as follows: " If the as-
signor is a resident householder of this State, said appraisers
shall set off to said assignor such articles of property or so
much of the real estate mentioned in the inventory as he may
select, so that the same shall not exceed three hundred dollars;
and the appraisers shall in their appraisement specify what
articles of property and the value thereof, or what part of the
real estate and its value, they have so set apart to the assignor."

Assuming to act under this section of the statute, as we
may suppose, the appraisers set apart to each of the assignors,
and the assignee allowed him, out of the assigned partnership
property, in personal goods and money, the sum of six hun-
dred dollars in value, as exempt from the operation of their
assignment. It will be observed that the exemption allowed
to each of the assignors was in double the sum specified in
the section quoted of the voluntary assignment law. This
section has never been expressly amended; but it was held
by this court, in *O'Neil* v. *Beck*, 69 Ind. 239, that such sec-
tion had been amended by implication so as to enlarge the
assignor's exemption to the sum of $600. The court there
said: " We think it clear that it was intended by the act of
1859 to exempt from the assignment, and to save to the
debtor, just the amount that was exempted from sale on
execution against the debtor. In each case the amount of
the exemption was $300. * * * The act of 1879 increases
the amount of property exempted from sale on execution for
debts to $600. And we think, in accordance with the spirit

and purpose of the act of 1879, it should be held to equally enlarge by implication the amount to be reserved to the debtor making an assignment under the act of 1859."

We are impressed with the opinion that it was the intention of the General Assembly, in the enactment of the exemption section above quoted of the voluntary assignment law, to place the failing debtor, who voluntarily surrenders all his property for the benefit of all his creditors, under such law, on precisely the same footing and to give him precisely the same right, no greater and no less, as to the exemption of a reasonable amount of his property from seizure or sale for the payment of his debts, as the execution debtor had under the existing law of this State. It is settled by the decisions of this court, however, that partnership property, or an interest therein, can not be claimed by a member of the firm as exempt from sale on execution for a partnership debt. *Love* v. *Blair*, 72 Ind. 281; *Smith* v. *Harris*, 76 Ind. 104; *State, ex rel.,* v. *Emmons*, 99 Ind. 452.

The interest of a partner in partnership property is not an interest in the specific property, but an interest in what may remain of the partnership assets, after the payment and discharge of all debts and liabilities of the firm to third persons and to each other, upon the close of the copartnership business. *Donellan* v. *Hardy*, 57 Ind. 393. We are of opinion that the assignors in a voluntary assignment for the benefit of creditors, under our statute, are no more entitled than would be an execution defendant to claim, as an exemption, a specific part or share of the partnership property, or any interest therein. The court did not err, therefore, in holding as its conclusion of law, that the assignors were not entitled to take or hold any goods, chattels or money, of or belonging to the partnership assets, as exempt from sale, until the partnership debts were fully paid.

The judgment is affirmed, with costs.

Filed Oct. 9, 1885; petition for a rehearing overruled Dec. 10, 1885.