Walters *v.* Walters—168 Ind. 45.

---

## WALTERS *v.* WALTERS.

[No. 20,841. Filed January 29, 1907.]

1. NEW TRIAL.—*Grounds for.*—*Omissions of Facts from Special Findings.*—*Refusal to Sign Tendered Findings.*—Omission of the court to make a special finding of facts on all of the issues; omission to find the facts on special paragraphs of answer, and refusal of the trial judge to sign defendant's tendered special finding of facts, do not constitute grounds for a new trial. pp. 47, 49.

2. APPEAL.—*Assignments of Error.*—*Evidence.*—*Sufficiency of.* —That the judgment is not fairly supported by the evidence and that it is clearly against the weight of the evidence cannot be assigned as error independently on appeal. p. 48.

3. SAME.—*Special Findings.*—*Conclusions of Law.*—*Exceptions.* —No question can be raised on the correctness of the conclusions of law on a special finding of facts unless an exception is reserved to such conclusions of law, a motion to modify the findings or to substitute other findings or conclusions of law being insufficient. p. 48.

4. TRIAL. — *Special Findings.* — *Outside of Issues.* — *Remedy.* — Facts contained in special findings, which are outside of the issues, may be stricken out on motion. p. 49.

5. TRIAL.—*Special Findings.—Outside of Issues.—Judgment.*— Where the special findings are entirely outside of the issues, the party not having the burden of proof is entitled to judgment. p. 49.

6. APPEAL.—*Bill of Exceptions.—Special Findings.—Conclusions of Law.*—Special findings and conclusions of law thereon cannot be made a part of the record by a bill of exceptions. . p. 49.

7. NEW TRIAL.—*Grounds.—Special Findings Unsupported by Evidence.*—That the special findings are not supported by the evidence is a ground for a new trial. p. 50.

8. APPEAL.—*Bill of Exceptions.—Presentation to Judge.*—Where the original bill of exceptions was not signed by the trial judge and filed until after the time allowed therefor, a memorandum, beneath the judge's signature, but wholly outside the bill of exceptions, to the effect that the bill was presented to him within the time allowed, is not a compliance with §641 Burns 1901. p. 50.

9. SAME.—*New Trial.—Evidence Not in Record.*—Reasons for a new trial, depending upon the evidence, will not be considered on appeal where the evidence is not in the record. p. 51.

10. SAME.—*Death of Party.—Date of Decision.*—The decision on appeal, where a party dies after submission, will be entered as of date of submission. p. 51.

From Wabash Circuit Court; *H. B. Shively,* Special Judge.

Action by Henry Walters against Jacob A. Walters. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Alvah Taylor,* for appellant.
*A. G. Johnson* and *C. W. Watkins,* for appellee.

JORDAN, J.—Appellee, as plaintiff below, sued appellant to recover on an annuity bond or obligation, a copy of which was filed as a part of the complaint. It appears that the appellant is a son of the appellee, and on March 2, 1893, he executed to the latter the bond or obligation in suit, which provides or stipulates as follows:

"I, Jacob A. Walters, of Wabash county, Indiana, for and in consideration of $1,000, received of Henry Walters, of Wabash county, Indiana, do hereby bind

myself, heirs, executors, administrators and assigns, firmly by these presents, to pay to said Henry Walters $40 on March 1, 1894, and $40 on March 1 of each recurring year thereafter, so long as said Henry Walters may live. *. * * At the death of said Henry Walters this bond shall become void and surrendered to said Jacob A. Walters, his heirs, executors, administrators and assigns. In witness whereof, I have hereunto set my hand and seal this 2d day of March, 1893.

Jacob A. Walters."

The plaintiff alleges that the defendant paid each instalment of $40 until the instalment which fell due on March 1, 1897; that the latter, together with the instalments falling due on March 1, of the years 1898, 1899, 1900, 1901, 1902 and 1903, he failed and refused to pay, and the same are all past due and wholly unpaid. Wherefore judgment is demanded. Appellant filed an answer to the complaint in five paragraphs, to which appellee replied. Upon the issues joined there was a trial by the court, and, by request of the parties, the court made a special finding of facts and stated its conclusions thereon, which in effect were: (1) That the law upon the facts found was in favor of plaintiff, and that the latter was entitled to recover $232, the amount due and unpaid on the obligation or bond in suit; (2) that the plaintiff should have judgment against the defendant for that amount.

Appellant tendered to the court a special finding of facts and conclusions of law thereon, prepared by his counsel, and moved that they be substituted for the special findings and conclusions of law made and stated by the court. This motion the court overruled, to which ruling appellant excepted. The appellant also unsuccessfully moved for a judgment in his favor on the special finding of facts as made by the court. He filed a motion for a new trial, assigning as reasons therein: (1) That the decision is not sustained by the evidence; (2) that it is

contrary to law; (3) that the amount of recovery is too large; (4) that the court erred in permitting certain questions to be propounded and answered by a witness; (5) that the court erred in omitting to find the facts specially on all of the issues; (6) that the court erred in omitting to find specially on all the issues tendered by certain paragraphs of the answer; (7) that the court erred in refusing to sign the special finding of facts tendered by the defendant. The motion for a new trial, over his exception, was denied, and judgment was rendered in favor of appellee. It is manifest that the reasons assigned in the motion for a new trial, except the first, second, third and fourth, afford no grounds for a new trial, and therefore present no question by being stated as such in the motion. The errors assigned for reversal are: (1) That the court erred in each of its conclusions of law, on the special finding of facts; (2) that the court erred in denying appellant's motion for judgment on the special finding of facts; (3) that the court erred in overruling his motion for a new trial. There are other assignments of error—that the judgment is not fairly supported by the evidence, and that it is clearly against the weight of the evidence. Such independent assignments as the latter are not authorized, consequently they present no questions for review.

Counsel for appellee contend first that the assignment that the court erred in its conclusion on the special finding of facts, is not available because appellant reserved no exception to the conclusion of law; second, that, having failed in this respect, he cannot supply the omission by moving for a judgment in his favor on the special findings; third, that the error predicated on the ruling of the court in denying the motion for a new trial cannot be considered, for the reason that all the grounds properly assigned for a new trial depend upon the evidence, and the latter is not in the record. We will

consider these contentions of appellee in their order. There is nothing in the record disclosing that any exception was taken or reserved to the court's conclusions of law on the special finding of facts. It has been settled by numerous decisions of this court that the proper and recognized procedure for testing conclusions of law on a special finding is by taking or reserving exceptions to such conclusions. Motions to modify special findings or to substitute other findings or conclusions of law are not recognized as a proper procedure, and, as a general rule, should be overruled or rejected by the court. In support of these propositions see *Allen* v. *Hollingshead* (1900), 155 Ind. 178, and authorities cited; *Maynard* v. *Waidlich* (1901), 156 Ind. 562, and authorities cited; *Adams* v. *Pittsburgh, etc., R. Co.* (1905), 165 Ind. 648, and authorities cited.

Possibly there may be a special finding in which some particular facts therein embraced are wholly outside of the issues. Under the circumstances, therefore, a motion

4. to strike out or reject such facts from the finding would be an appropriate remedy. So, where the special findings are entirely outside of the issues, the party not having the burden of proof may move for a judgment thereon in his favor. Elliott, App. Proc., §§766,

5. 767. If it were conceded in this case, as contended by appellant, that the court in its special findings had omitted to find upon all the issues, a motion for a judgment in his favor under the circumstances would not be a proper remedy.

Special findings and conclusions of law thereon cannot be made a part of the record by a bill of exceptions.

6. *Cooney* v. *American, etc., Ins. Co.* (1903), 161 Ind. 193; *Adams* v. *Pittsburgh, etc., R. Co., supra.*

Where the facts, as found by the court in special findings, are not sustained by the evidence, or are contrary there-

to, a motion for a new trial is the appropriate pro-
7. cedure. *Sharp* v. *Malia* (1890), 124 Ind. 407;
*Tewksbury* v. *Howard* (1894), 138 Ind. 103. It
follows, for the reason stated, that appellant's first and second assignments of error are not available.

The record discloses that the motion for a new trial was overruled on June 16, 1904, at which time 120 days were
granted by the court to file bills of exceptions. The
8. original bill herein, purporting to contain the evidence and the rulings thereon, was signed by the
trial judge and filed on October 27, 1904. In the absence of a legitimate showing that the bill in question was presented to the judge for his signature within the time granted, the filing thereof was too late. Beneath the signature of the judge, but wholly outside of the bill of exceptions, appears an original memorandum or statement, purporting to be signed by the trial judge, to the effect that the bill was presented to him for his signature on September 8, 1904. This was not a compliance with the provisions of the code (§641 Burns 1901, §629 R. S. 1881), and therefore is not a legitimate showing that the bill was presented to the judge within the time allowed. The statute is imperative, and the date of the presentation of the bill to the trial judge for his signature must be stated therein in case the bill is not filed within the time allowed. This has been repeatedly decided by this Court and the Appellate Court. *City of Plymouth* v. *Fields* (1890), 125 Ind. 323, and cases cited; *White* v. *Gregory* (1890), 126 Ind. 95, and cases cited; *Cornell* v. *Hallett* (1895), 140 Ind. 634; *Ayres* v. *Armstrong* (1895), 142 Ind. 263; *Stoner* v. *Louisville, etc., R. Co.* (1893), 6 Ind. App. 226; *Brower* v. *Ream* (1896), 15 Ind. App. 51.

It follows, therefore, that the bill of exceptions, purporting to contain the evidence given in the case, is not in the

record, and, as all of the grounds properly assigned in the motion for a new trial depend upon the evidence, therefore. no question is presented upon the overruling of the motion for a new trial. There is no available error. Judgment affirmed.

It appears that appellee died on August 23, 1906, after the submission of this appeal, therefore the decision herein will be entered as of the date of submission.