## MARKS, ADMINISTRATRIX, v. MARIOTTE.

[No. 7,817.   Filed October 18, 1912.]

1. APPEAL.—*Record.*—*Matters Not in Record.*—*Bill of Exceptions.* —*Evidence.*—Where no order-book entry is disclosed by the record showing that a transcript of the evidence was ever filed, nor that it was presented to the judge for his approval within the time given for filing bills of exceptions, nor that the bill of exceptions was ever filed, the evidence is not in the record, under §657 Burns 1908, Acts 1897 p. 244, providing that evidence may be made a part of the record only by being incorporated into a bill of exceptions.   p. 282.
2. APPEAL.—*Record.*—*Failure to Incorporate Evidence.*—Where the evidence is not in the record by bill of exceptions, questions requiring an examination of the evidence cannot be reviewed. p. 283.

From the Superior Court of Allen County; *Joseph W. Adair,* Special Judge.

Action by Octavia Marks, administratrix of the estate of Charles Q. Marks, deceased, against Horace Mariotte. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Phil B. Colerick* and *William C. Ryan,* for appellant.

*Harper & Eggeman* and *Leonard, Rose & Zollars,* for appellee.

MYERS, J.—This was an action brought by appellant against appellee, to recover damages on account of the death of Charles Q. Marks, which was caused February 9, 1905, by his falling into an elevator shaft maintained by appellee in a building in the city of Fort Wayne owned and occupied by him.

The issues, formed by a complaint in three paragraphs and an answer in general denial, were submitted to a jury for trial. At the close of appellant's evidence the court, over her objection, instructed the jury to return a verdict in favor of appellee. A verdict was returned as directed by the court, and judgment was rendered against appellant

and in favor of appellee. On May 17, 1909, appellant's motion for a new trial was overruled, and ninety days given to file "a bill of exceptions". The overruling of the motion for a new trial is the only error assigned under which any question is presented or discussed.

The questions argued by appellant to sustain her motion are attempted to be presented only by the assignments that the evidence is insufficient to support the verdict, and error of the court in instructing the jury to return a verdict for appellee. Each of the questions for review requires an examination of the evidence.

To meet appellant's contention, the point is made that the evidence is not in the record. The record discloses an order-book entry of July 31, 1909, showing that appellant presented her bill of exceptions, which, on that day, was signed by the court, but there is no entry showing that this bill was ever filed, nor does such a bill of exceptions appear in the record. There is attached to the record what purports to be the longhand manuscript of the official reporter's shorthand notes of the evidence taken at the trial, which bears the indorsement "Bill of Exceptions". It also has the file mark of the clerk of the court below stamped thereon, of date May 5, 1910. On the margin of the certificate of the official reporter we find the following words: "Presented for signing and filing this 31st day of August, 1909. Joseph W. Adair, Special Judge." Also the words: "May 5, 1910. Approved and filed this 5th day of May, 1910. David V. Whiteleather, Special Judge." The record discloses that each person making the indorsement on said certificate was at the time of making such indorsement special judge, appointed in this case. There is no order-book entry showing the filing of any bill of exceptions, unless it can be said that the showing made with reference to the longhand manuscript of the evidence is sufficient.

Under §657 Burns 1908, Acts 1897 p. 244, the evidence is made a part of the record only by being incorporated into

a bill of exceptions. There is no attempt to comply with this statute. Further, it does not appear from any order-book entry that a transcript of the evidence was ever filed, nor is it shown that the same was presented to the judge for his approval until August 31, 1909, which was after the time given by the court for filing bills of exceptions.

For the various reasons suggested, the evidence is not in the record and the alleged errors of the court in its ruling on the motion for a new trial cannot be reviewed.

2. *Rector* v. *Druley* (1909), 172 Ind. 332, 88 N. E. 602; *Taylor* v. *Canaday* (1901), 155 Ind. 671, 57 N. E. 524, 59 N. E. 20; *Walters* v. *Walters* (1907), 168 Ind. 45, 79 N. E. 1037.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 501. See, also, under (1) 2 Cyc. 1083; (2) 3 Cyc. 164.