## FARABEE *v.* WARREN.

[No. 9,161.   Filed May 14, 1915.]

APPEAL.—*Review.—Bill of Exceptions.—Failure to File in Time.—* When time for filing a bill of exceptions is granted it must be filed within that time, so that where it appeared that the bill of exceptions was not presented to the trial judge until after the expiration of the time granted for filing, and no extension of the time originally granted was shown, the bill was not in the record so as to present any question thereon for consideration.

From Randolph Circuit Court; *James S. Engle,* Special Judge.

Action by Laura A. Warren against John W. Farabee. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*Shockney & Baker,* for appellant.
*Focht & Hutchins,* for appellee.

PER CURIAM.—A motion to dismiss this appeal is properly presented, appellee having entered a special appearance therefor. The facts disclosed by the record show that the final judgment was entered on July 29, 1914, being the seventy-fifth judicial day of the May term, 1914, of the Randolph Circuit Court. In the same entry showing the final judgment, sixty days' time was given appellant within which to file a general bill of exceptions containing the evidence, and sixty days' time given within which to file an appeal bond.

Farabee *v.* Warren—59 Ind. App. 81.

It is insisted by appellee that the transcript does not show that any extension of time for the filing of the bill of exceptions was ever given. This is not controverted by appellant. The bill of exceptions is shown by the record to have been presented to and signed by the special judge of the Randolph Circuit Court on December 5, 1914, being the thirtieth judicial day of the November term, 1914, of the court, and more than sixty days from the time final judgment was entered. It is not claimed that the bill of exceptions was ever presented to the judge of the Randolph Circuit Court within the sixty days allowed by the court within which to file and present the same. When time is granted to file a bill of exceptions, the bill must be presented to the judge within the time granted. *Firemen's Fund Ins. Co.* v. *Finkelstein* (1905), 164 Ind. 376, 73 N. E. 814; *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 97 N. E. 790; *Marks* v. *Mariotte* (1912), 51 Ind. App. 281, 99 N. E. 501.

The only question attempted to be presented in the assignment of error is that the court erred in overruling the motion for a new trial, for the reason that the judgment of the court is not supported by sufficient evidence. Appellant's counsel insist that the term time appeal was abandoned, and that it was attempted to be perfected as a vacation appeal. No question is presented under any method of appeal.

The evidence not being properly in the record for the reasons above stated, no question is presented for consideration, and said appeal is dismissed.

NOTE.—Reported in 108 N. E. 868. See, also, 3 Cyc. 46, 37.