SNELL *v.* GRESSO ET AL.

[No. 27,167.  Filed April 3, 1939.]

*Raymond Brooks,* and *John F. Kelton,* for appellant.

*Donald R. Mote, Plummer & Plummer,* and *Oscar F. Smith,* for appellees.

SHAKE, J.—This is an appeal from a judgment in an action that grew out of the relationship of landlord and tenant. Appellees owned a farm and appellant had some livestock and equipment, but not enough to operate the farm. Appellees rented the farm to appellant and thereafter made advancements aggregating $1,-491.69 for additional stock, supplies, feed, and other operating expenses. In the first paragraph of the complaint it is charged that under the agreement appellees were to be reimbursed for their advancements out of the income from the farm, after which the profits were to be divided. In the second paragraph it is charged that, according to the terms upon which the advancements were made, appellees reserved title to the property purchased therefrom until such time as they were repaid from the proceeds of the farm. They asked for an accounting and for the appointment of a receiver with authority to take charge and dispose of the assets,

and to distribute the proceeds according to the determination of the court.

The trial court, after a hearing on the merits, appointed a receiver on March 10, 1938. A final judgment granting appellees "an equitable lien" on the receivership assets for their advancements was entered on March 19th. Appellant filed a motion for a new trial on April 8th and it was denied on June 18th. A second motion for a new trial was filed on July 15th and overruled on September 23rd. An appeal was prayed, and the record filed in the office of the clerk of this court and the cause submitted on December 9, 1938.

Appellant concedes that the appeal is from the order overruling the second motion for a new trial, and this must be so, for if it was predicated on the denial of the first motion it would come too late under Rule 1 of this court. It is unnecessary to determine whether the second motion was filed in time because, in any event, the overruling of that motion presents no reversible error. The second motion contains six specifications; the first two assignments thereof relate to the overruling of appellant's motion to strike out parts of the general finding upon which the final judgment was based; the other four assert that the trial court erred in denying appellant's written claim for a resident householder's exemption of $600 out of the receivership assets. None of the specifications in the second motion for a new trial are properly assigned. They all relate to independent errors upon reserved questions of law. Watson's Works Practice, Vol. 2, §2033.

The assignment of errors contains the same specifications as are set out in the second motion for a new trial. Those asserting that the trial court committed error in refusing to strike out parts of the general finding cannot prevail, for the reason that

our practice does not contemplate such a proceeding. There was no request for a special finding of facts, and it is only when such a request has been made, and special findings have been filed pursuant thereto, that a motion to strike out on the ground that the findings are without the issues may be entertained. *Walters* v. *Walters* (1907), 168 Ind. 45, 79 N. E. 1037.

The specifications in the assignment of errors with reference to the denial of appellant's claim for a householder's exemption cannot be sustained. Such an exemption can only be claimed as to property belonging to the party that asserts it. No such claim can be allowed against the property of another. The court found that the appellees had an equitable lien on the receivership fund and this was tantamount to a determination that the interest of the appellees therein was superior to the claim of the appellant. Under such circumstances appellant could not possibly assert a householder's exemption against the fund. Nor can a partner claim an exemption in the partnership assets until the debts thereof are paid. *Ex Parte Hopkins, Assignee* (1885), 104 Ind. 157, 2 N. E. 587; *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44.

Appellant asserts that the judgment is erroneous because, he says, the decree that appellees were entitled to "an equitable lien" upon the receivership assets was without the issues. The relationship existing between the partners is variously described in the complaint as that of landlord and tenant, partnership, and joint venture. The relief sought was an accounting, a sale of the assets, a determination with reference to the disposition of the proceeds, and all other proper relief. The evidence is not in the record and, in its absence, we must presume that the allegations of the complaint were established. If so, it was

proper for the court, under the issues presented, to decree a lien in favor of the appellees to the extent of their advancements. In *Lewis* v. *Harrison* (1881), 81 Ind. 278, 285, this court said:

"Each partner has a specific lien on the partnership stock for moneys advanced by him more than his share, for the use of the co-partnership, and the lien of each partner exists not only as against the other partners, but also against all persons claiming through them or any of them."

The same opinion quotes Lord Hardwicke, the eminent English jurist, as follows (pp. 284, 285):

" 'When an account is to be taken, each is entitled to be allowed against the other everything he has advanced or brought in as a partnership transaction, and to charge the other in the account with what the other has not brought in, or has taken out more than he ought; and nothing is to be considered his share, but the proportion of the residue on the balance of the account.' "

The judgment of the Wabash Circuit Court is affirmed.

Roll, J., absent.