Adams *v.* State.

## ADAMS *v.* THE STATE.

[No. 19,240. Filed Jan. 2, 1901. Rehearing denied June 27, 1901.]

APPEAL AND ERROR.—*Bill of Exceptions.—Evidence.—Certificate of Judge.—Stenographer.—Statutes.*—Section six of the act of 1899 (Acts 1899, p. 384), providing that the transcript of the evidence taken by the official reporter in the trial of a cause shall be filed by him with the clerk of the court, and that the clerk shall thereupon attach a certificate that the same is correct, and contains all of the evidence, is an encroachment upon the judiciary, and void. *pp. 597-603.*

STATUTES.—*Court Stenographer.—Appeal and Error.*—Eliminating §6, held to be invalid, from the act of 1899 (Acts 1899, p. 384), purporting to repeal all existing laws in reference to the appointment and duties of shorthand reporters, and the act of 1897 (Acts 1897, p. 244) is still in full force and effect. *pp. 603, 604.*

APPEAL AND ERROR.—*Bill of Exceptions.—Record.—Evidence.—Instructions.*—A bill of exceptions containing the evidence, under the act of 1897 (Acts 1897, p. 244), cannot also contain other matters, and the whole be certified to the Supreme Court, without being copied by the clerk of the trial court. *p. 604.*

CRIMINAL LAW.—*Witnesses.—Impeachment.*—Under §515 Burns 1894, giving a party the right to contradict his own witness by showing that he made statements out of court different from his testimony, it was proper for the State in a criminal prosecution to prove that a witness, who testified that she heard the deceased say to defendant that he would cut him, had stated to the prosecuting attorney in the presence of others, prior to being examined, that she heard no words pass between defendant and the deceased prior to the homicide. *pp. 605, 606.*

From the Sullivan Circuit Court. *Affirmed.*

*John S. Bays* and *John T. Hays,* for appellant.

*Wm. L. Taylor,* Attorney-General, and *E. W. McIntosh,* for State.

·JORDAN, J.—Appellant was tried and convicted before a jury in the lower court on a charge of murder in the first degree and his punishment assessed at imprisonment in the state prison during life.

The only error discussed in this appeal relates to the action of the court in denying his motion for a new trial. This motion, among other things, embraced several specifications of alleged errors upon the part of the court in giving and refusing instructions and admitting certain evidence and also in respect to the misconduct of counsel representing the State. The Attorney-General, in answering the arguments presented by counsel for appellant, strenuously insists that neither the instructions nor the evidence is properly before this court as a part of the record.

A review of the transcript discloses the following facts: On the 20th day of April, 1899, the trial court overruled the motion for a new trial and granted to appellant sixty days in which to prepare and file a bill of exceptions, and thereupon rendered judgment in accordance with the verdict of the jury. After this entry, on a day subsequent to the overruling of the motion for a new trial, the court, by an order duly entered of record, fixed June 20, 1899, as the limit of the time for filing a transcript of the evidence in the cause as prepared by the official shorthand reporter of the Sullivan Circuit Court. On June 12, 1899, the following entry appears: "Comes the defendant by counsel aforesaid and now files a general bill of exceptions." After this entry follows a document which first embraces a statement to the effect that Helen L. Hinkle was by the court duly appointed an official reporter and as such was duly qualified, etc., and that on the trial of said cause she, as such official reporter, took down in shorthand the oral evidence given in

the cause and noted the rulings of the court in respect to the admission and rejection of evidence and the objections and exceptions thereto. A further recital or statement follows to the effect that said official reporter furnished a longhand transcript of her shorthand report of the evidence to the defendant and that said transcript was filed by her with the clerk of the Sullivan Circuit Court within the time fixed by that court. It is then recited that on the — day of June, 1899, the judge of said court did attach to the transcript of the evidence a certificate that the same was correct and contained all of the evidence, and the further recital that, afterwards, this transcript of the evidence, so filed with the clerk, was "incorporated into this bill of exceptions and made a part of the record in this cause, which said long-hand manuscript and transcript so filed by the reporter as aforesaid and the reporter's certificate thereto and the certificate of the judge thereto, constitute the following 234 pages, and the same is a *verbatim* report and is the original longhand manuscript of the evidence and the rulings and exceptions aforesaid, to wit." Next following after these recitals or statements appears an examination of a certain juror upon his *voire dire* and a statement to the effect that said juror was challenged for cause, and that said challenge was overruled and exception reserved to such ruling. Next follows what purports to be a longhand manuscript of the evidence. At the close of this manuscript appears a certificate of the official reporter in compliance with section five of an act of the legislature approved March 3, 1899. Acts 1899, p. 384. Indorsed upon this certificate is the certificate of the clerk of the lower court, whereby he certifies "that the within and foregoing transcript and shorthand manuscript" was filed in his office on June 1, 1899, before it had been incorporated into the bill of exceptions. Immediately after this certificate of the clerk is the following recital: "And be it further remembered that after the evidence in this cause had been closed

and argument heard the court gave to the jury, of its own motion, instructions from one to twenty-seven both inclusive, which are in these words". Instructions numbered from one to twenty-seven, inclusive, given by the court, with exceptions to each, are set out. Following these latter instructions there appears a request upon the part of counsel for appellant for the court to give certain other instructions, set out, which appears to have been refused and exceptions noted. Next follows what is usually inserted at the close of a formal bill of exceptions, which shows the signing thereof by the trial judge on June 12, 1899. Immediately following this appears a certificate of the trial judge in these words: "State of Indiana, Sullivan County, ss. State of Indiana v. William Adams. No. 3,102. I, William W. Moffett, judge of the Sullivan Circuit Court, of Sullivan county, Indiana, do hereby certify that the foregoing transcript of the evidence filed by Helen L. Hinkle, official reporter, with the clerk of said court, on the 1st day of June, 1899, is correct, and contains all the evidence, and this is all the evidence given in said cause. And I further certify that said Helen L. Hinkle, whose certificate is attached to said manuscript, was the duly appointed, qualified, and sworn reporter, and officially reported said cause in my presence and under my direction as the court trying said cause. In witness whereof I have hereunto set my hand and seal, this 12th day of June, 1899. William W. Moffett, [Seal] Judge of the Sullivan Circuit Court." After this follows the final certificate of the clerk of the court wherein it is again recited that a longhand transcript of the evidence was filed in his office on the date given and thereafter incorporated into a bill of exceptions.

The evident purpose of counsel for appellant was to have the longhand transcript of the evidence, as prepared and certified to and filed with the clerk by the official reporter, made a part of the record in this appeal in compliance with and according to the provisions of the act of 1899 heretofore

cited. Previous to the passage by the legislature of an act approved March 8, 1897 (Acts 1897, p. 244), many appeals, both in this and in the Appellate Court, were not considered upon their merits, by reason of the failure to comply with the requirements of an act approved March 7, 1873, (Acts 1873, p. 194). This latter statute concerned the appointment by trial courts of shorthand reporters and provided for certifying in appeals the longhand manuscript of the original stenographic report of the evidence when the same had been filed with the clerk of the court and incorporated into a bill of exceptions. To simplify the procedure of bringing up the evidence on appeals, the legislature enacted the statute of 1897, *supra.* Under the provisions of this latter act, all that was necessary in appeals to bring the evidence given in a cause in the trial court to either the Supreme or Appellate Court, together with the rulings of the lower court in respect to the admission and rejection of evidence and the competency of witnesses and the exceptions thereto, was to incorporate all in a bill of exceptions and then file the same, as therein provided. It then became the duty of the clerk of the lower court, upon request of the appealing party, to embrace in the transcript such original bill of exceptions instead of a copy thereof. The taking down of the evidence and the noting of exceptions, under this latter act, is not limited to shorthand reporters to be appointed by the court, but such services may be performed by anyone, and there is no requirement that the evidence shall be first filed with the clerk before it can be incorporated into a bill of exceptions.

The settlement of the bill of exceptions, in respect to the correctness of the evidence therein incorporated, and that it contains all of the evidence given upon the trial of the cause, and in regard to the correct noting of exceptions, etc., is, under the act of 1897, properly lodged in the trial judge. Why any necessity should have arisen for a change of the procedure, as provided by the law of 1897, and thereby complicate and confuse that which had been so simplified, we are unable to conjecture.

Adams *v.* State.

The act of 1899, *supra,* is entitled, "An act concerning the appointment of shorthand court reporters, * * * and providing that the original longhand manuscript may be used on appeal, repealing all laws in conflict therewith." The first section of this act declares that it shall be the duty of the judge of each circuit, criminal, or superior court, in each and every county, to appoint an official reporter whose duty it shall be, when required by the judge, to be present in court and take down in shorthand the oral evidence given in all causes including both questions and answers, and to note all rulings of the judge in respect to the admission and rejection of evidence and the objections and exceptions thereto.

Section five provides for preparing by the reporter a transcript of all the proceedings required by him to be taken down and noted, including all documentary evidence, etc. Section six reads as follows: "The transcript of the evidence so prepared by such reporter shall be filed by him with the clerk of the court wherein said cause is tried, within a time to be fixed by the court trying such cause. The judge of said court shall thereupon attach to the transcript of the evidence so filed by such reporter a certificate that the same is correct and contains all the evidence, and the clerk shall incorporate such transcript of the evidence and the certificate signed by such judge, in the transcript of said cause, and state in his certificate that the same is the transcript of the evidence filed by such reporter, and that the certificate attached is that of the judge, with the date when the same was filed in his office, and said transcript and record, when so prepared, shall be sufficient to present to the consideration of the Supreme or Appellate Court, in the determination of the questions presented to the lower court trying such cause, and the clerk shall receive no fees for that part of the transcript of record containing the evidence."

It was the evident purpose of this section to make the

longhand transcript of the stenographic report embodying the evidence and the rulings of the court in respect to the admission and rejection of evidence, with exceptions and objections thereto, as required to be taken down and noted by section one, perform the office of a formal bill of exceptions. The settlement of a bill of exceptions, so as to make it express the truth, is beyond controversy a judicial act, and the judge's authority in this respect can not be delegated to another, and in settling the bill he must exercise his own judgment in respect to the truth of the facts and statements therein embodied. Elliott's App. Proc. §§798, 810, 811; *Citizens St., etc., Co.* v. *Heath,* 154 Ind. 363.

It will be observed that the language of section six, in respect to the judge's certificate, which is to be attached to the longhand manuscript prepared and filed by the official reporter, is imperative. It is declared that "The judge of said court *shall thereupon attach to the transcript of the evidence so filed by such reporter a certificate that the same is correct and contains all the evidence".* (Our italics.)

It would seem, under the provisions of sections five and six of the statute in controversy, that it was intended to lodge the settlement in regard to the correctness of the transcript, in respect to the evidence given at the trial, and also the correctness in regard to the rulings of the court upon admission and rejection of evidence and exceptions reserved thereto, in the official reporter. At least it may be asserted that, by force of the italicised provision of section six, the judge is thereby stripped of all power in respect to his own judgment upon such matters; and if he obey the letter or imperative command of the statute, he must accept as true and correct that which the reporter has prepared and filed with the clerk, and must attach his certificate thereto to that effect. The provision of the statute in this respect is so plain and imperative that it is not open to judicial interpretation. As to it, it may be asserted *ita lex scripta,* and if valid it must be accepted and obeyed by

all concerned. That this provision of section six can not be sustained for the reason that it is an evident encroachment upon the judiciary, and in this respect violates our organic law, in our opinion, is manifest.

It is immaterial whether the legislature provides for making evidence, given upon a trial of a cause, with the exceptions noted to the rulings of the court upon the admission and rejection of evidence, and the competency of witnesses, a part of the record in appeals to this court by means of a bill of exceptions, or by merely employing the longhand transcript of the stenographer's shorthand report for such purpose. In either case the trial judge must be allowed to exercise his own judgment in respect to the correctness of the evidence, rulings, exceptions, etc., therein embraced before it receives his approval. The evidence upon the trial of any cause wherein a shorthand reporter is employed is taken down by such reporter under the direction of the trial judge, and the noting of all rulings and exceptions is done by such reporter under the orders of the judge and, in a legal sense, is the act of the judge. In fact, the notes of the official stenographer may be said to serve in place of the notes or minutes of the evidence which were formerly made by the judge upon the trial, under §380 of the code. §546 Burns 1894.

The administration of law and justice has been invested by our Constitution in the judiciary, and judges, not clerks or stenographic reporters of evidence, compose this branch of the State's government. We conclude, therefore, for the reasons given, that the provision in question of section six of the act of 1899, *supra,* must be and is held to be invalid, and thereby that entire section is virtually rendered inoperative.

The act by its title professes to repeal all laws in conflict therewith. By section eight all existing laws in reference to the appointment and duties of shorthand reporters are expressly repealed. As the act of 1897, *supra,* does not

refer to or profess to regulate the appointment and duties of shorthand reporters, it is not affected by the repealing provisions of section eight of the act of 1899.

As to whether the latter act, if valid in all of its parts, can be said to repeal by implication the law of 1897, we need not decide, for with section six eliminated from the statute, as it must be deemed to be under our holding herein, it is evident, and we so adjudge, that the act of 1897, *supra,* is still in full force and effect.

While, as previously said, there was an attempt to bring up the evidence in this appeal in accordance with the statute of 1899, still there has been substantial compliance with the provisions of the statute of 1897, and we therefore hold that the evidence, together with the rulings of the court in respect to the admission and rejection of evidence and also as to the competency of witnesses, with the objections and exceptions noted thereto, are properly in the record.

But neither can the act of 1897 nor that of 1899 be extended so as to embrace the instructions given to the jury upon the trial. Instructions in a criminal cause, as has been repeatedly held by this court, can only be made a part of the record on appeal by means of a bill of exceptions. They can not, however, be incorporated into the bill of exceptions containing the longhand transcript of the evidence and certified to this court in like manner without being copied by the clerk of the lower court. *Carlson* v. *State,* 145 Ind. 650. A bill of exceptions containing the evidence, under the act of 1897, can not also embrace other matters and the whole be certified to this court, without being copied by the clerk of the trial court; only such matters as the statute designates can be inserted and certified as a part of the record upon appeal without being transcribed. See *McCoy* v. *Able,* 131 Ind. 417; *Holt* v. *Rockhill,* 143 Ind. 530; *Leach* v. *Mattix,* 149 Ind. 146. We sustain the contention of appellee, and hold, for the reasons stated, that the instructions are not properly in the record.

Counsel for appellant complain of the misconduct of one of the State's attorneys. The alleged misconduct, however, is exhibited only as a part of the longhand manuscript of the evidence; consequently, under the rule asserted and enforced in respect to the instructions, the matter is not a part of the record and therefore not open to review by this court.

It is next insisted that the court erred in admitting evidence upon the part of the State tending to impeach its own witness, Mrs. Mary Adams, wife of appellant. This witness, it appears, prior to being examined as a witness for the State, had stated to the prosecuting attorney, in the presence of other parties, that she heard no words pass between appellant and the deceased at the time of the homicide. Upon the witness stand she stated that she heard the deceased say to appellant that he would cut him, etc. This statement of hers, as the prosecuting attorney seems to have recognized, tended to corroborate the claim of appellant that he shot the deceased while the latter was making an assault upon him with a knife, and, unquestionably, was prejudicial to the State. Hence, certain witnesses were called by the prosecuting attorney to contradict Mrs. Adams, by proving that she had made statements out of court different from her testimony given upon the witness stand in respect to the point in controversy. Section 515 Burns 1894 grants a party the right to contradict his own witness by showing he has made statements out of court different from his testimony in court. This section applies to a criminal cause. *Conway* v. *State*, 118 Ind. 482.

It is insisted also that some of the impeaching witnesses were permitted to testify to matters which did not in any manner go to contradict Mrs. Adams in responses made by her to questions propounded to her by the State. This contention, however, does not seem to be sustained by the record. We are unable to say that appellant was in any manner prejudiced in any of his substantial rights by the

action of the State or the testimony of its impeaching witnesses upon the impeachment of the witness in question. Proof that a witness did make statements different from those made in court is never to be received or accepted as the truth of the matters embraced in the statements made out of court. Such proof can be considered no further nor have any greater effect than to impeach the witness, and to this extent, only, we may presume, nothing to the contrary appearing, that the impeaching evidence was received and considered by the court and jury.

Owing to the fact that the liberty of appellant is involved in this case, we have felt it our duty to examine the instructions and other rulings of the court of which he complains, but which as held are not properly in the record, and we are convinced that no reversible errors are shown. We have also examined the evidence, and are satisfied that the conviction was right, and that the judgment ought to be affirmed. Judgment affirmed.