## TRITTIPO *v.* TRITTIPO.

[No. 4,023.   Filed December 12, 1901.]

APPEAL.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*—A court stenographer's longhand manuscript of the evidence, even if in the form of a bill of exceptions, is no part of the record on appeal, where the record does not show affirmatively that such manuscript was filed in the clerk's office after it was signed by the judge.

From Hamilton Circuit Court; *J. F. Neal*, Judge.

Suit by Samuel Trittipo against Albert W. Trittipo for dissolution of partnership and accounting. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*G. Shirts* and *W. R. Fertig*, for appellant.
*F. E. Gavin, T. P. Davis* and *J. L. Gavin*, for appellee.

HENLEY, J.—The only questions presented by this appeal arise out of the ruling of the trial court in overruling ap-

pellant's motion for a new trial. All of such questions as are here presented, under the assignment of error that the court erred in overruling appellant's motion for a new trial, require that the evidence adduced upon the trial be in the record. Appellant has attempted to bring the evidence into the record under section 6 of an act of the legislature of 1899. Acts 1899, p. 384. The Supreme Court has, since this appeal was taken, held section 6 of said act to be invalid and inoperative. See *Adams* v. *State*, 156 Ind. 596.

In the case at bar, appellant did not attempt to bring the evidence into the record by bill of exceptions, and if the reporter's transcript was in form a bill of exceptions, still the record affirmatively shows that the transcript of the evidence which was filed by the reporter as such transcript was not filed in the clerk's office after its signature by the judge of the trial court.

The evidence not being in the record, no question is presented. Judgment affirmed.