## KIRKMAN v. STATE.

[No. 19,718.  Filed March 11, 1902.]

APPEAL AND ERROR.—*Bill of Exceptions.*—*Evidence.*—Under the act of 1897 (Acts 1897, p. 244) the bill of exceptions containing the evidence must be filed in open court or with the clerk after it has been approved and signed by the trial judge.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Robert F. Kirkman was convicted of the crime of rape, and he appeals.    *Affirmed.*

*J. A. Kersey,* for appellant.

*W. L. Taylor,* Attorney-General, *C. C. Hadley* and *Merrill Moores,* for State.

JORDAN, C. J.—Appellant was convicted by a jury in the lower court of the felonious crime of rape, by having sexual intercourse with a female under the age of fourteen years. Over his motion for a new trial, judgment was rendered by which he was sentenced to be imprisoned in the state prison for an indeterminate period of from one to twenty-one years. From this judgment he appeals, and the errors assigned and argued by his counsel for a reversal all depend on the evidence given upon the trial, and on rulings of the court incidental thereto.

At the very threshold we are confronted with the contention of the Attorney-General that the evidence is not in the record, and therefore no question is presented for review in this court. An attempt seems to have been made to bring up the evidence introduced at the trial under the provisions of §6 of an act of the legislature approved March 3, 1899. Acts 1899, p. 384. What purports to be a longhand transcript of the shorthand report of the evidence is not shown to have been filed in open court or with the clerk after the certificate attached thereto was signed by the trial judge. Neither is it disclosed that time beyond the trial was granted by the lower court to present and file a bill of exceptions embracing the evidence in the cause. Counsel for appellant, however, insists that the filing of a transcript of the evidence after the trial judge has attached his certificate thereto is not required under the provisions of §6 of the act of 1899, *supra.* No effort whatever, it appears, was made to bring the evidence into the record by the method prescribed by the statute of 1897. Acts 1897, p. 244. The assertion, therefore, of appellant's counsel that the evidence is a part of the record is based entirely on the claim that the method

pursued below to bring the evidence up in this appeal is
authorized and sustained by §6 of the act of 1899, *supra*.
The Attorney-General, representing the State, appellee
herein, assails the validity of this section, and, in support
of his contention, refers to the decision of this court in
*Adams* v. *State,* 156 Ind. 596. Counsel for appellant, in his
effort to parry the force of the insistence of the Attorney-
General, interposes some criticism in regard to the holding
in the Adams case, and asserts that the counsel for appellee
is in no position to raise any question in respect to the in-
validity of said section, notwithstanding the fact that appel-
lant thereunder seeks to justify the procedure employed by
him to bring the evidence before this court in this appeal.
That the Attorney-General, as counsel for appellee herein,
under the circumstances, is in an attitude or position to
question the validity of the section in dispute, is certainly
evident. In *Adams* v. *State,* 156 Ind. 596, on the motion
of the Attorney-General, we held that said §6 was invalid,
for the reasons stated in the opinion, and that the act of
1897, *supra,* was still in force, and must be pursued by
parties who desired to have the original bill of exceptions
embracing the evidence in a case certified to this court on
appeal, instead of a copy of such original bill. After fur-
ther consideration we are constrained to adhere to and re-
affirm the holding in *Adams* v. *State,* 156 Ind. 596.

As previously stated, what purports to be a transcript of
the evidence given in the lower court was neither filed in
open court nor with the clerk after the trial judge had
signed the certificate attached thereto. The failure to file
a bill of exceptions embracing the evidence in a case after
it has been approved and signed by the trial judge is a fatal
omission, under the provisions of the act of 1897. There-
fore, upon no view of the case can the evidence in this ap-
peal be held to be a part of the record, in accordance with
the requirements of the latter act. *Merrill* v. *State,* 156
Ind. 99, and cases cited. As all of the questions which ap-

pellant seeks to present depend upon the evidence, and, as the latter is not before us, he necessarily must fail in this appeal.

The claim made by appellant that the verdict is not that of twelve jurors is in no manner verified by the record. The opinion of the court in *Adams* v. *State, supra,* was handed down on January 2, 1901, and was published in the public press throughout the State, and the legal profession and all others concerned were thereby admonished that this court had declared §6 of the act of 1899 invalid, and held that the act of 1897 was still in force. The judgment in the trial court in the case at bar was rendered on June 18, 1901, nearly six months after the decision in the Adams case. Notwithstanding all this, counsel for appellant pursued the procedure prescribed by the invalid section, instead of the simple method provided by the statute of 1897. There being no available error presented, the judgment is affirmed.