## RECTOR v. DRULEY ET AL.

[No. 21,316.   Filed May 25, 1909.]

1. APPEAL.—*Bills of Exceptions.*—*Signing by Judge.*—A longhand
transcript of the evidence in a case, followed by the statement
that appellant "tenders this, his bill of exceptions, and prays
that the same may be signed, sealed and made a part of the
record," this statement being followed by the judge's signature,
is insufficient as a bill of exceptions.   p. 334.

2. APPEAL.—*Bills of Exceptions.*—*How Shown to be in Record.*—
Where there is nothing in the transcript except the clerk of the
trial court's file mark to show that a pretended bill of exceptions
was ever filed in the clerk's office, the bill is not shown to be a
part of the record.   p. 335.

3. APPEAL.—*Bills of Exceptions.*—*Record.*—*New Trial.*—Where al-
leged errors, in the ruling on the motion for a new trial, cannot
be determined except upon a consideration of the evidence, and
the bill of exceptions containing the evidence is not in the record,
the judgment will be affirmed.   p. 335.

From Madison Circuit Court; *John F. McClure,* Judge.

Application by Dick Rector for license to retail intoxicat-
ing liquors, against which Charles C. Druley and others re-

monstrate. From a judgment for the remonstrants, the applicant appeals. *Affirmed.*

*D. F. Brooks,* for appellant.

*Frank Wisehart, George L. Swain, Sparks L. Brooks* and *George M. Ballard,* for appellees.

JORDAN, J.—Appellant applied to the Board of Commissioners of the County of Henry at the November session, 1907, for a license to retail intoxicating liquors in Middletown, Fall Creek township, Henry county, Indiana. His application was confronted with a general remonstrance which had previously been filed with the county auditor. The proceedings had before the board resulted in the dismissal of the application. From this order of the board he appealed to the Henry Circuit Court. The cause was then venued to the Madison Circuit Court. In the latter there was a trial by the court and a finding in favor of the remonstrators, and thereupon a judgment was rendered, denying appellant a license and awarding costs in favor of the remonstrators. Appellant moved for a new trial, which the court denied.

He appeals, and assigns error upon the overruling of his motion for a new trial.

The transcript, among other things, discloses the following facts: On April 25, 1908, appellant filed an appeal bond. On June 25, 1908, the official reporter, who took down in shorthand the proceedings and evidence in the cause, filed her longhand transcript of said evidence and objections thereto, but the longhand manuscript which is recited to have been filed is not here set forth in the transcript. As part of the same entry, the record recites that the applicant "presents his bill of exceptions containing the evidence in this cause," which was heretofore allowed and signed by the judge of the court, but no bill of exceptions is set out. On the next page after this entry the following appears: "Be it remembered that on June 26, 1908, a precipe was

filed in the office of the clerk of the Madison Circuit Court,''
and this is followed by what purports to be the precipe. Fol-
lowing this appears a document under the caption ''In the
Matter of the Application of Dick Rector for a Liquor Li-
cense.'' Therein it is recited that on April 4, 1908, the
applicant filed his motion for a new trial in said cause, to-
gether with his reasons therefor. It is further recited that
this motion was overruled, and that ninety days were granted
in which to file a bill of exceptions. It is further recited
that on June 25, 1908, the official reporter filed in the office
of the clerk of the court the longhand transcript of the
evidence taken in said cause, which transcript contained
all the evidence given in said cause, and ''is in the words
and figures following, to wit:'' Here what also pur-
ports to be the longhand manuscript of the evidence
as taken in shorthand is set out in the transcript. At
the close thereof there is appended the certificate of
Celeste B. Orland, the official court reporter, stating that
''the foregoing is a full, true and correct transcript of all
the evidence, oral, written and documentary, given in the
foregoing entitled cause, together with all the evidence
offered, objections,'' etc. Immediately following the re-
porter's certificate, the transcript recites that ''the appellant,
Dick Rector, tenders this his bill of exceptions, and prays
that the same may be signed, sealed and made a part of the
record, this June 25, 1908.'' Underneath this appears the
name of the trial judge. In fact it may be said that the
only part to which the judge appears to have attached his
name is the transcript of the evidence tendered as a bill
of exceptions. There is nothing to show that this transcript
of the evidence was ever incorporated into a bill of excep-
tions, as required by §657 Burns 1908, Acts 1897, p. 244.
The most that can be asserted is that the transcript of the
evidence is alone made to take the place of a bill of excep-
tions. As the document in question is not in compliance
with the requirements of the statute, it cannot be regarded

as a bill of exceptions containing the evidence. This proposition is well sustained by the following authorities: *Wagoner* v. *Wilson* (1886), 108 Ind. 210; *Jenkins* v. *Wilson* (1895), 140 Ind. 544; *Miller* v. *Evansville, etc., R. Co.* (1896), 143 Ind. 570; *Oster* v. *Broe* (1903), 161 Ind. 113; *Adams* v. *Pittsburgh, etc., R. Co.* (1905), 165 Ind. 648; Ewbank's Manual, §32.

Again, were it conceded that such transcript of the evidence could serve as a bill of exceptions, it would not be available for another reason. There is nothing, aside

2. from the file mark of the clerk stamped thereon, to show that the identical document claimed by appellant to be the bill of exceptions was ever filed, as required by the statute, after being signed by the trial judge. If it could be regarded as a bill of exceptions, the failure to file it would be a fatal omission, under the provisions of §657, *supra*. *Kirkman* v. *State* (1902), 158 Ind. 156. It has repeatedly been affirmed by the decisions of this court that the filing of a bill of exceptions cannot alone be shown on appeal by the file mark thereon of the clerk of the lower court. *Shewalter* v. *Bergman* (1892), 132 Ind. 556; *Board, etc.,* v. *Huffman* (1892), 134 Ind. 1; *Drake* v. *State* (1896), 145 Ind. 210; *Harris* v. *State* (1900), 155 Ind. 15.

All the alleged errors discussed by appellant's counsel, and relied upon for a reversal of the judgment of the lower court, depend upon the evidence given in the trial of

3. the cause. Therefore, as the evidence is not in the record, appellant must fail in his attempt to secure a review of the errors of which he complains.

Judgment affirmed.