## HAHN v. STATE OF INDIANA.

[No. 23,073. Filed October 3, 1916.]

1. CRIMINAL LAW.—*Appeal.—Instructions.—Bill of Exceptions.*— No question as to the giving or refusal of instructions and the exceptions arising thereon, can be raised on appeal in a criminal case, unless such instructions are made part of the record by a bill of exceptions. p. 211.

2. CRIMINAL LAW.—*Appeal.—Evidence.—Bill of Exceptions.*—Exceptions taken during the trial of a criminal case to the admission or exclusion of evidence and presented to the trial court as causes for a new trial must, when presented for review on appeal, be shown by a bill of exceptions. p. 212.

3. CRIMINAL LAW.—*Appeal.—Record.—Bill of Exceptions.—Filing. —Statutes.*—Under §657 Burns 1914, Acts 1897 p. 244, concerning the use of original bills of exception on appeal, and §2163 Burns 1914, Acts 1905 p. 647, relating to the time for a bill of exceptions, it is essential to a consideration on appeal of questions arising from the exceptions to rulings on evidence that an original bill of exceptions, containing the evidence and showing such rulings, be filed either with the clerk or in open court, and such filing must be shown by the record presented to the Supreme Court. p. 212.

4. CRIMINAL LAW.—*Appeal.—Instructions.—Presentation of Error.*— Where the giving of an instruction was presented as a cause for a new trial, but the question as to the propriety of such instruction is not presented on appeal by the record nor by the points in appellant's brief, it will not be considered on appeal. p. 213.

From Marion Criminal Court (44,466); *James A. Collins*, Judge.

Prosecution by the State of Indiana against

Laudie Hahn. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Milton L. Clawson* and *Frank S. Lamonte*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber*, for the State.

Cox, C. J.—Appellant was convicted in the city court of Indianapolis of the misdemeanor of carrying a concealed weapon. From that conviction he appealed to the criminal court of Marion county where the case was tried *de novo* before a jury, which also found him guilty. The court rendered judgment on the verdict of the jury, and from that judgment he has appealed here, assigning as error for which a reversal of the judgment is asked the action of the court in overruling his motion for a new trial.

Six of the counts for a new trial are based on the refusal of the court to give to the jury that number of special instructions requested in behalf of appellant. The question whether these instructions should have been given has not been brought before us in a manner to command a decision of it. Instruc-

1. tions given or refused in a criminal case, and the exceptions arising thereon, must be presented to this court for review by making them a part of the record by a special bill of exceptions. This has not been done in this case, and no question arising from the court's refusal to give the instructions asked is presented. *Donovan* v. *State* (1907), 170 Ind. 123, 83 N. E. 744; *Williams* v. *State* (1908), 170 Ind. 642, 85 N. E. 350; *Carr* v. *State* (1910), 175 Ind. 241, 93 N. E. 1071, 32 L. R. A. (N. S.) 1190; *Messel* v. *State* (1911), 176 Ind. 214, 220, 95 N. E. 565; *Donovan* v. *State* (1916), *ante* 15, 111 N. E. 433.

Numerous causes for a new trial, stated in appellant's motion, have for their bases testimony offered in his behalf and rejected by the court on objections interposed by the prosecuting attorney.

2. The rule is elementary that exceptions taken during the trial to the admission or exclusion of evidence and presented to the trial court as causes for a new trial must, when presented for review on appeal, be shown by a bill of exceptions. *Donovan* v. *State, ante* 15.

There is in the transcript in this case what purports to be an original bill of exceptions containing a part of the evidence. It appears by file mark 3. and also by record entry that this instrument was filed February 23, 1916. But it was not at that time a bill of exceptions; it was then nothing more than the official reporter's longhand report of his shorthand notes of a part of the evidence. It appears from a certificate of the judge appended to this report of a part of the evidence, that it was settled as and made a bill of exceptions March 10, 1916, but it is not shown, even by file mark on the bill or otherwise, that the instrument was ever filed after being so embodied in a bill of exceptions. It is essential to a consideration on appeal of questions arising from exceptions to rulings on evidence that an original bill of exceptions, showing such rulings, be filed either with the clerk or in open court; and this the record presented to this court must so show. §§657, 2163 Burns 1914; Acts 1897 p. 244, Acts 1905 p. 647; *Merrill* v. *State* (1900), 156 Ind. 99, 103, 59 N. E. 322; *Kirkman* v. *State* (1901), 158 Ind. 156, 63 N. E. 213; *Williams* v. *State* (1908), *supra*; *Donovan* v. *State, ante* 15.

The action of the trial court in instructing the

jury to disregard a certain part of the argument of appellant's counsel was laid as a cause for a 4. new trial. The question is not, however, presented by the record, nor by the points stated in appellant's brief.

No error in the trial below is shown, and the judgment is affirmed.

NOTE.—Reported in 113 N. E. 725. See under (2) 12 Cyc 847; (4) 12 Cyc 871, 877.