STATE BOARD OF MEDICAL REGISTRATION AND
EXAMINATION *v.* SMITH.

[No. 10,795.   Filed April 6, 1921.]

1. APPEAL.—*Record.*—*Bill of Exceptions.*—*Extension of Time for Filing.*—*Notice of Application.*—*Showing of Service.*—Under §661 Burns 1914, Acts 1911 p. 193, providing that the party asking a re-extension of time for tendering his bill of exceptions shall give the opposite party or his attorney of record at least three days notice of the time and place of the hearing of the application, a bill of exceptions must show the service of the required notice on the opposite party or his attorney of record.   p. 315.

2. APPEAL.—*Record.*—*Bill of Exceptions.*—*Filing.*—*Judge's Certificate.*—Where the record shows that the bill of exceptions was approved, signed and filed on the day named, but the certificate of the judge to the bill itself shows that it was not approved and signed until after such day, the judge's certificate must prevail.   p. 315.

3. APPEAL.—*Record.*—*Bill of Exceptions.*—*Filing Before Approval by Judge.*—A bill of exceptions which was filed with the clerk before being signed by the judge is not a part of the record.   p. 315.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Proceedings by the State Board of Medical Registration and Examination to revoke a physician's license issued to George B. Smith.   From a judgment in his favor on appeal to the circuit court, the board appeals. *Affirmed.*

*Ele Stansbury,* Attorney-General, *William A. Cullop, Padgett & Clark, Hugh L. Barr* and *Edward M. White,* for appellant.

*Curtis G. Shake, Joseph W. Kimmell, Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton* and *H. A. Foncannon,* for appellee.

NICHOLS, J.—On February 26, 1919, appellant acting under charges filed against appellee, a licensed physician of Knox county, Indiana, revoked his license, and on

March 6, 1919, filed a copy of its order of revocation with the clerk of the Knox Circuit Court. On appeal to the Knox Circuit Court the cause was submitted for trial to the court and on July 5, 1919, the court found for appellee and entered an order directing the clerk to certify its judgment to the State Board of Medical Registration and Examination. Appellant filed its motion for a new trial which was overruled, and on appeal this is the only error assigned. The motion for a new trial was overruled October 6, 1919, at which time appellant was given ninety days to file its bill of exceptions. On January 3, 1920, in vacation of the court, appellant filed its petition for extension of time within which to file its bill of exceptions, which was granted, and thirty days extension was given. On January 29, 1920, being in the January term of 1920 of said court, the following record entry appears: "Comes now the plaintiff and presents to the court for examination and approval its bill of exceptions herein which is examined and approved, signed and ordered filed and the same is now filed and made a part of the record in this cause." It appears by the bill of exceptions that in vacation of the said court appellant filed its application for the extension of time to file a bill of exceptions with supporting affidavits. There is set out a copy of what purports to be a notice of the time and place of the application for the extension of time to file the bill of exceptions which was dated December 30, 1919. It does not appear, however, that there was any proof that such notice was ever served upon appellee. A thirty-day extension of time was granted. The bill then shows that thereafter, on January 31, 1920, it was "approved, allowed, signed and ordered by the judge, as such judge, to be and constitute a part of the record and proceedings in said cause."

It is expressly provided in §661 Burns 1914, Acts 1911

p. 193, that "the party asking the re-extension of time shall give the opposite party or his attorneys of

1. record, at least three days notice of the time when and place where said applications would be heard." The bill of exceptions must show the service of such notice on the opposite party or on his attorneys of record (*English* v. *English* [1915], 182 Ind. 675, 107 N. E. 547; *Zollman* v. *Baltimore, etc., R. Co.* [1918], 70 Ind. App. 395, 121 N. E. 135), and in this the record in this case fails.

The record shows that the bill of exceptions was approved, signed and filed on January 29, 1920, but the certificate of the judge to the bill itself shows

2-3. that it was not approved and signed until January 31, 1920. The judge's certificate must prevail. *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879. There is no record which shows that the bill was thereafter filed with the clerk. When it was filed it had not been signed by the judge and was not, therefore, a bill of exceptions, and did not thereby become a part of the record. *Robinson* v. *Dickey* (1896), 143 Ind. 205, 42 N. E. 679, 52 Am. St. 417.

The bill of exceptions not being in the record, no question is presented for our consideration. We may say, however, that we have examined what purports to be the evidence in the cause as found in the briefs, and if we were to concede that such evidence was properly before us, it was sufficient to sustain the decision of the trial court. The judgment is affirmed.