STATE, EX REL. LIEBER ET AL. *v*. SLOAN ET AL.

[No. 23,732.    Filed April 22, 1926.]

1. APPEAL.—*Where the filing of a bill of exceptions is not shown by the transcript or the certificate thereto, it is not a part of the record, and cannot be considered on appeal.*—Where neither the record entries nor the clerk's certificate to the transcript shows the filing of a bill of exceptions, it is not a part of the record on appeal, and cannot be considered in determining the sufficiency of the evidence to sustain the decision of the court or whether the decision is contrary to law. p. 558.

2. STATES.—*Department of Conservation cannot delegate its powers or duties to any of its officers or agents.*—The Department of Conservation cannot delegate any of its powers or duties to any officer or agent, either as directed by the act creating it or as to any inherent power which the commission might seek to exercise. p. 560.

3. DRAINS.—*Director of Conservation Commission is not member of commission, and has no power to intervene in a drainage proceeding.*—The Director of the Department of Conservation is not a member or part of the Conservation Commission, and has no power, as such officer, to intervene in a drainage proceeding to prevent the drainage of a lake or lakes. p. 560.

4. DRAINS.—*Authority of Department of Conservation to intervene in a drainage proceeding was not presented on appeal where it made no motion for new trial, although its director, as such, filed such motion.*—Where both the Director of the Department of Conservation and the department intervened in a drainage proceeding, but the department did not join in the director's motion for a new trial nor file a separate motion, its authority to intervene therein was not presented on appeal. p. 560.

From Kosciusko Circuit Court; *Francis E. Bowser*, Judge.

Petition by Chancy Sloan and others for a public drain, to which various landowner remonstrated. Richard Lieber, Director of the Department of Conservation, and the department intervened in opposition to the drain on the ground that the proposed drain would lower the water of a lake. From a judgment ordering the drain established, the intervenor and the remonstrators appeal. *Affirmed.*

*Ele Stansbury, U. S. Lesh*, Attorneys-General, *Lou*

*W. Vail* and *Edward M. White,* Assistant Attorney-General, for appellant.

*L. W. Royse* and *George L. Xanders,* for appellees.

TRAVIS, J.—This is a drainage proceeding based upon ch. 252, Acts 1907 p. 508, being §6167 Burns 1926, §6141 Burns 1914. The appeal is based upon the proviso in §3 of said act, which relates to the location of drains so close to any lake covering ten acres or more of ground as to lower the water level thereof, and which drain shall at no point be nearer than forty rods to the high water mark of such lake. The petitioners for the drain, who are appellees, filed their petition in the circuit court for drainage of their lands by the construction of a dredged ditch. The petition was docketed and referred to drainage commissioners who filed their report in favor of the petitioners, and also found by said report that the ditch petitioned for, and as laid out by the commissioners, did not come near enough to any lake of ten acres in extent to drain the same, or to affect any such lake by such drainage. Remonstrances were filed by land owners who claimed that they would be affected by such drainage if constructed, which remonstrances were based upon the causes therefor specified in §4 of said act, §6174 Burns 1926, §6143 Burns 1914.

At this point in the proceedings the State of Indiana, ex rel. Richard Lieber, Director of the Department of Conservation, and the Department of Conservation of the State of Indiana, filed a petition for permission to intervene in said ditch proceeding for the reason that the ditch sought to be constructed, as shown by the report of the commissioners, was located so close to Lake Wawasee, that it would drain and lower the water level of the lake; and that the ditch, as laid out, was less than forty rods from the high water mark of the lake; and that the proposed drain, did not drain or enter into the lake; but that such drain had its outlet into a public

ditch or drain north of such lake, known as the Hinderer ditch; and that, if the drain petitioned for was established and constructed, it would drain the water from the lake into the Hinderer ditch, and would naturally lower the water level of the lake; and that Lake Wawasee was a fresh water lake, and covered more than ten acres of ground.

This petition was not ruled upon by the trial court either permitting or denying the petitioners' application to intervene and remonstrate, and no other pleading was filed by such intervening petitioners. A trial was had upon the issues made by the report of the drainage commissioners and the remonstrance filed by certain land owners who claimed their lands would be affected, and the intervening petition as and for a remonstrance. The interveners introduced evidence tending to establish the fact that the proposed ditch, as laid out by the report of the drainage commissioners, would drain or lower the water in Lake Wawasee, and that said drain was nearer than forty rods to the high water mark of the lake. In defense, the evidence of the petitioners tended to establish the fact that said drainage if constructed according to the report of the commissioners, would not drain the water from said lake or lower the water level thereof, and that the drain was not nearer than forty rods of any point of the high water mark of said lake. The finding of the court was in favor of the petitioners and the report of the commissioners, and that the drain as laid out by the said report ought to be established, and against all the remonstrators, including these interveners. Both the land-owning remonstrators and the intervener, the State of Indiana, ex rel. Richard Lieber, Director of the Department of Conservation of the State of Indiana, filed their motions for a new trial, which were overruled by the court, and appeals therefrom

prayed to the Supreme Court, both by the remonstrating land owners and the interveners who filed the motion for a new trial, "which appeal was granted upon the condition that the remonstrators file an appeal bond in the penalty of $3,000 within thirty days from this date, with surety thereon to the approval of this court; the intervener, the State of Indiana by Richard Lieber, is not required to file bond." A *praecipe* for a transcript to be used on appeal was filed by the attorney-general of the State of Indiana, for the intervener, which is followed by the certificate of the clerk of the court that the transcript which appears above, contains a full, true, and complete copy of all papers and entries of the cause filed in his office as such clerk and recorded in the records of his office, as required by the *praecipe.* Thereafter follows what purports to be the original bill of exceptions containing the longhand transcript of the evidence, together with the rulings of the court thereon and exceptions of counsel to the rulings of the court. Appellant relator by his *praecipe* does not request that any bill of exceptions be incorporated in the record, and the clerk does not certify that the bill of exceptions is made a part of the record by any action of the court; and further, no order of the court, as certified by the clerk of the court refers in any particular to a bill of exceptions. There is no showing, by an order-book entry, that the purported bill of exceptions was ordered filed, as required by law. §686 Burns 1926.

The errors assigned by the appellant are: (1) The court erred in overruling the appellant's motion for a new trial; (2) the court had no jurisdiction of the subject-matter of this action; (3) the court did not have jurisdiction to render the judgment in this cause. Of the reasons given for a new trial, appellant only emphasizes that the decision of the court is contrary to law. If the cause was to be decided upon its merits,

the issue for reversal would hinge upon another reason by appellant for the new trial, viz.: The decision of the court is not sustained by sufficient evidence.

But appellee insists that because of the failure of the clerk to properly certify the bill of exceptions, such bill of exceptions is not in the record. As pointed out hereinbefore, there is no proper certificate by the clerk that such bill of exceptions has been filed. Such being the condition of the record, and under the insistence of the appellees, it must be held that the longhand manuscript is not a part of the record in this appeal, and hence could not be considered to test the assignments of error, calling into question the sufficiency of the evidence necessary to sustain the decision of the court, or that the decision of the court is contrary to law. *De Hart* v. *Board, etc.* (1895), 143 Ind. 363, 41 N. E. 825.

The appellee questions the right of the relator in the capacity of the Director of the Department of Conservation to intervene. The Department of Conservation was created by ch. 60, Acts 1919 p. 375.

2-4. The status of such department is administrative only, and is a branch of the administrative arm of the government of the state (§1). This department is administered by a commission of four members in whom vest all the powers and duties delegated to this department of the administrative branch of the government. This commission is without the power to delegate any of its powers and duties to any officer or agent it may employ, either as directed by the act itself, or as any inherent power which the commission might seek to take. The commission thus constituted has power to appoint a director, who is the executive officer of the department, and whose appointment is not limited or extended to any definite period of time, but who may be removed at any time without pretext by the commis-

sion.  He is in no sense a member or part of the commission itself, which solely represented this department; and, as such director, does not have the power to sue and is not capable of being sued as such officer. Wherefore he is without standing as a relator in the name of the Department of Conservation.  Both the director as such relator and the Department of Conservation, were petitioners to intervene in this cause; but the Department of Conservation as such did not join in the motion for a new trial by the Director of the Department of Conservation as such relator.  The question is not here as to whether or not the department itself could act as such relator, which question therefore is not here decided.

Appellees filed their petition to dismiss the appeal; but because the judgment of the trial court must be sustained, it is not necessary to discuss or decide the points relied on in this petition.

Because the evidence is not in the record, and the record being free from any error assigned, the judgment is affirmed.