JOHN HANCOCK MUTUAL LIFE INSURANCE
COMPANY *v.* KEITH.

[No. 15,604.   Filed June 29, 1938.]

*F. O. Greenwald, Robert E. Richardson* and *Charles E. Greenwald,* for appellant.

*H. A. Bayor* and *Harry Long,* for appellee.

LAYMON, J.—Appellee instituted this action to recover upon a group policy of insurance issued by appellant to the Gary Works Employees Safety and Insurance Association, composed of employees of the Gary Works of the Illinois Steel Company. The issues, formed by appellee's complaint in one paragraph, an answer in two paragraphs, and a reply to the second paragraph of answer, were tried by the court and jury, resulting in a verdict and judgment for appellee. In due time appellant filed its motion for a new trial, which was overruled, and this appeal followed, assigning as the only error for reversal the ruling on said motion. The reasons assigned by appellant for a new trial and urged on appeal are: That the verdict is not sustained by sufficient evidence; that the verdict is contrary to law; error in the admission of certain evidence; and error in the giving and refusal of certain instructions.

In considering the questions sought to be presented, we are confronted with the contention of appellee that

the evidence is not in the record, for the reason that the bill of exceptions containing the longhand manuscript of the evidence was never filed in open court or with the clerk as required by section 2-3111 Burns 1933, §456 Baldwin's 1934. Upon examination of the transcript we find that what purports to be the bill of exceptions embracing the evidence is not shown to have been filed in open court, or with the clerk, after the certificate attached thereto was signed by the trial judge. In fact, the record does not show by either of the recognized methods that it was ever filed, there being no order book entry to that effect in the transcript, and the clerk's certificate being silent in that regard. An original bill of exceptions must be shown by the record to have been filed before it can be considered as a part of the record on appeal. *Marks* v. *Mariotte* (1912), 51 Ind. App. 281, 99 N. E. 501; *Federal Union Surety Co.* v. *Schlosser* (1917), 66 Ind. App. 199, 114 N. E. 875, 116 N. E. 759; *McMillan, Admr.* v. *Plymouth, etc., Power Co.* (1919), 70 Ind. App. 336, 123 N. E. 446; *State Board, etc.* v. *Smith* (1921), 75 Ind. App. 313, 130 N. E. 447; *Kirkman* v. *State* (1901), 158 Ind. 156, 63 N. E. 213; *Howe* v. *White* (1904), 162 Ind. 74, 69 N. E. 684; *Rose* v. *Chicago, etc., R. Co.* (1914), 181 Ind. 658, 105 N. E. 241; *Hahn* v. *State* (1916), 185 Ind. 210, 113 N. E. 725; *State ex rel.* v. *Sloan* (1926), 197 Ind. 556, 151 N. E. 418.

To meet this contention appellant asserts that the certificate of the trial judge discloses "that the longhand manuscript of the evidence examined by him is the same as the one filed by appellant on September 11, 1935, and was so filed before being incorporated in the bill of exceptions and was by said judge ordered made a part of the record."

The longhand manuscript of the evidence alone does not constitute a bill of exceptions. It requires the cer-

tificate of the trial judge to make it a completed bill. "Hence a certificate merely reciting that such longhand report was filed is not sufficient to show that the bill of exceptions was filed." *McMillan, Admr.* v. *Plymouth, etc., Power Co., supra,* p. 340.

To simplify the procedure of bringing up the evidence on appeals, the Legislature enacted the statute of 1897 (Sec. 2-3111 Burns 1933, §456 Baldwin's 1934.) Under the provision of this act there is no requirement that the evidence shall be first filed with the clerk before it can be incorporated into a bill of exceptions. *Adams* v. *State* (1901), 156 Ind. 596, 59 N. E. 24. True, the certificate of the trial judge further recites: "And said bill of exceptions is now this 11th day of September, 1935, signed, sealed and filed and made a part of the record in said case." The law does not require the trial judge to certify to the filing of the bill, and any statement on that subject in his certificate is mere surplusage, and amounts to nothing. The fact that the bill was filed in the cause, and the date of such filing, must be shown either by an entry of record or by the certificate of the clerk. The former is the better practice, but the latter has sometimes received the sanction of this court. *Howe* v. *White, supra.* Neither are the file marks of the clerk important here, as it is well settled that the filing of a bill of exceptions cannot be shown on appeal by the file mark of the clerk alone. *Rector* v. *Druley* (1909), 172 Ind. 332, 88 N. E. 602.

For failure of the transcript to show that the bill of exceptions embracing the evidence was filed, we conclude that the evidence is not properly in the record. It follows that the admission of evidence complained of is not before us, nor is the question of whether the verdict is contrary to law or whether the verdict is sustained by sufficient evidence presented.

Criticism is made of certain instructions given and refused. Where the evidence is not in the record, instructions given by the court cannot be regarded ▮▮▮ as erroneous if they can be considered correct upon any state of facts admissible under the issues, and we must presume that the instructions asked were refused because they were not applicable to the case made by the evidence. *De Hart* v. *The Board of Commissioners of Johnson County* (1895), 143 Ind. 363, 41 N. E. 825, and cases therein cited. Most of the objections urged question the applicability of the instructions to the evidence. These instructions, under the above rule as stated, would not be erroneous.

Appellant complains of instruction No. 31 given by the court upon its own motion upon the ground that it assumes that employment means to be carried on ▮▮ the payroll, while employment or employee entails and involves the giving of personal service under an arrangement with the employer. This instruction does not make such an assumption, but merely informs the jury that they may consider any evidence showing that the decedent was carried upon the payroll of the company, in determining when his employment ended within the meaning of the policy.

Our examination of each of the instructions refused, and of which appellant complains, discloses no error.

Judgment affirmed.

Curtis, P. J., not participating.