TINKHAM, EXECUTOR *v.* TINKHAM ET AL.

[No. 16,969.    Filed December 22, 1942.]

*Eichhorn, Gordon & Edris,* of Bluffton, *Glenn A. Smiley,* of Fort Wayne, and *Daniel M. Link,* of Auburn, for appellant.

*James M. Barrett, Jr., Phil M. McNagny, Leigh L. Hunt, Mentor Kraus, J. A. Bruggeman,* and *Morris,*

*Newkirk & Keane,* all of Fort Wayne, and *Mountz & 'Mountz,* of Garrett, for appellee.

BLESSING, C. J.—This appeal involves the ownership of a savings deposit in The Peoples Trust and Savings Company of Fort Wayne, Indiana. Appellee Tinkham instituted this action in the Allen Superior Court against said trust company and the appellant herein as executor of the last will and testament of Melvin W. Tinkham, deceased. After the issues were joined between appellant and appellee Tinkham, a change of venue was perfected to the DeKalb Circuit Court, and it is from a judgment of that court rendered in favor of appellee that this appeal is perfected. The judgment rendered by the DeKalb Circuit Court awarded the appellee the ownership of $4,587.43 of the deposit involved, and enjoined the appellant from withdrawing the amount awarded to appellee from said trust and savings company.

The complaint on which appellee Tinkham went to trial consisted of a third and a fourth paragraph of amended complaint, to which appellant severally demurred for want of facts. The demurrer to each paragraph was overruled, subsequent to which affirmative answers were filed by the appellant, and to which appellee Tinkham replied. Appellee, The Peoples Trust and Savings Company, after the change of venue, filed an answer to appellee Tinkham's complaint admitting that it carried a savings account in the name of Melvin W. Tinkham (appellant's deceased) in the sum of $6,819.77, which included interest accruals to April 1, 1941; admitted a demand by appellee Tinkham for all of said account, and alleged that it stood ready and willing to pay said amount to the persons lawfully entitled thereto as may be adjudged by the court, and in its prayer said bank asked the court to determine

the party or parties to whom said savings account should be paid. Other allegations were contained in the bank's answer, but which we think are not essential to the decision of this cause. No pleadings by the other parties to this cause were addressed to the answer of appellee trust and savings company.

The respective paragraphs of appellee's amended complaint are the same except for the relief demanded. The court found for appellee upon her fourth paragraph of amended complaint, the material parts of which are as follows: That Melvin W. Tinkham died in the State of Florida on or about January 12, 1941; that there had been probated in the Allen Superior Court No. 2 of Allen County, Indiana, a certain instrument purporting to be his last will and testament; that Harry S. Tinkham was named as executor in said purported will and that he has filed application for appointment as such executor and has been so appointed by said Allen Superior Court No. 2; that said Harry S. Tinkham, purporting to act as such executor, has made demand upon the defendant, The Peoples Trust and Savings Company, that said company pay to him as such executor the sum of $6,013.63 which now stands upon the books of said trust company in a savings account in the name of said Melvin W. Tinkham, together with accrued interest.

On October 18, 1934, appellee Nina C. Tinkham and her husband, Melvin W. Tinkham, opened Account No. 36628 with the defendant, The Peoples Trust and Savings Company, by the deposit therein of the sum of $5,000, in the name of Melvin W. Tinkham or Nina C. Tinkham, or the survivor of either of them; that by additional deposits and the accumulation of interest the funds in said account increased until on April 1, 1939, there was on deposit in said account $9,174.86; that all

deposits made in said account were of monies jointly earned by said Melvin W. Tinkham and Nina C. Tinkham, or the accumulation of the joint earnings.

No funds were withdrawn from said account by either Melvin W. Tinkham or the plaintiff until April 3, 1939, when said Melvin W. Tinkham withdrew the entire amount on deposit; that with the money so procured, he opened, in his individual name, the savings account involved in this litigation, by the deposit of $1,174.86, and placed the remaining $8,000 in cash in a lock box in the Fort Wayne National Bank to which plaintiff had no access and to which various relatives of said Melvin W. Tinkham did have access; that thereafter said $8,000 was removed by one or more of said relatives from said safety deposit box and placed in a safety deposit box in the Lincoln National Bank and Trust Company, and on April 11, 1939, said $8,000 was returned by the relatives of said Melvin W. Tinkham to him, and by him and one or more of said relatives redeposited with The Peoples Trust and Savings Company; that instead of redepositing said sum to the joint account of these parties, it was wrongfully and unlawfully added to the funds in the said individual savings account; that at the time of the withdrawal of funds from the said joint account of the parties, and at the time of the deposit of the funds so withdrawn in the individual account of Melvin W. Tinkham, this plaintiff was the owner of one-half of such funds; that she is now the owner of $4,587.43 of the funds demanded by the defendant executor of the defendant bank; that unless the defendants are restrained and enjoined from so doing, said defendant bank will pay to said Harry S. Tinkham, executor, all of the funds in said account belonging to this plaintiff, and said Harry S. Tinkham, executor, will collect and deposit

the same as a part of the assets of said estate, although in truth and in fact said $4,587.43 does not constitute a part of the assets of the estate but belongs to this plaintiff; that said sum is not an asset of said estate and will not be covered by the executor's bond of said Harry S. Tinkham, and this plaintiff will not be protected by said bond in case said monies are wrongfully paid out of the defendant bank pending final determination of this action; that said estate is of doubtful solvency and if the defendant executor obtains possession of said monies this fund will lose its identity and plaintiff will have only a general claim against the assets of said estate, all to her irreparable injury.

The relief prayed by plaintiff is that she be adjudged the owner of $4,587.43 of said account; that the defendant bank be ordered and directed to pay said sum to her; that the defendant, Harry S. Tinkham, as executor, be enjoined and restrained from withdrawing said sum or any part in said bank account from said defendant bank pending final determination, and that the said defendant bank be likewise enjoined and restrained from paying said sum of $4,587.43 to the defendant executor pending the final determination of said account.

The insufficiency of each paragraph of amended complaint is based upon the contention as disclosed by the memoranda that appellant is made a party defendant solely in his representative capacity as executor of the last will of Melvin W. Tinkham, deceased; that it was the duty of said executor to take possession of the assets of the testator's estate, and that no facts are alleged in either paragraph of complaint to except the particular assets in controversy from this general rule; that the testator had the control of and an interest in the funds in controversy and that by reason thereof

the appellant in his representative capacity was required to take possession of such funds as a part of the assets of said testator's estate.

The overruling of the demurrer severally addressed to the third and fourth paragraphs of amended complaint constitutes the first and second assignment of error in this court.

The chief contention of the appellant involving the correctness of the ruling on the demurrer is that any claim of appellee Nina C. Tinkham to the fund on deposit in appellee trust and savings company in the name of appellant's decedent should have been asserted in the manner provided by the probate code, § 6-1001, Burns' 1933, and that such claim cannot be enforced by a separate action. The above section of the statute provides in part as follows:

> "No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof, whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending; . . ."

A casual examination of the allegations of the fourth paragraph of appellee Nina C. Tinkham's amended complaint discloses that she was not attempting to assert a claim against the estate. She was not claiming through the estate, but adversely to it.

A claim, as that term is used in the above provision of the probate code, is a debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime and could have been reduced to a simple money judgment. *Williams* v. *Williams, Admr.* (1940), 217 Ind. 581, 29 N. E. (2d) 557. It is to be admitted, however, that even though appellee Tinkham was claiming adversely to the estate

she might be precluded from maintaining a separate action against the executor in his representative capacity, depending on whether the property so claimed by her was, at the time of filing of her action, in the possession of such executor. *Isbell* v. *Heiny, Administrator* (1941), 218 Ind. 579, 33 N. E. (2d) 106. In that case a replevin action was instituted against an executor in his representative capacity to recover possession of certain property and damages for its retention. There, the property was in the possession of the personal representative of the estate and the court determined that the property held by an executor or an administrator is in *custodia legis* of the court having jurisdiction of the estate, and therefore the proper forum for the determination of the right to such property is the court where the estate is pending, and within its probate jurisdiction.

In the instant case, the deposit, a part of which the appellee Tinkham claimed to be the owner by her fourth paragraph of complaint, was not in *custodia legis*, but was in the possession of the appellee trust and savings company. It had not been reduced to the possession of the appellant, and therefore was not in the possession of the court having jurisdiction of the estate of appellant's decedent. Until such fund was made a part of the assets of the estate, appellee Tinkham had a right to maintain a separate action against the appellant herein, and have her rights determined in a court other than the one having jurisdiction of the estate of appellant's decedent.

Appellant further contends that it was his duty as executor to inventory and take into his possession the fund in controversy as an asset of his testator's estate, and that said fund was an asset of the testator's estate since it was available for the

payment of debts. While it is the duty of an executor or administrator to marshall the assets of the estate which he represents, it is neither his duty nor right to inventory or take into possession property that belongs to another.

By the allegations of her fourth paragraph of complaint, appellee Tinkham does not attempt to interfere with the appellant's performance of his duty. She seeks to enjoin him from taking possession of property which she alleges belongs to her.

In appellant's brief, no attempt is made to point out that the complaint of appellee Tinkham does not state facts sufficient to show that she was the beneficial owner of some part of the fund in controversy.

In passing on the demurrer, we are not concerned with the form of the judgment. If the complaint states facts sufficient to entitle said appellee to any relief whatever, it is good as against a demurrer for want of facts. *Culbertson* v. *Munson* (1896), 104 Ind. 451, 4 N. E. 57; *United Savings Fund & Investment Co.* v. *Harris* (1895), 142 Ind. 226, 40 N. E. 1072, 41 N. E. 451.

We are of the opinion that appellee Nina C. Tinkham had a right to maintain this action, and that the fourth paragraph of amended complaint alleges facts sufficient to sustain the injunctive relief sought against the appellant herein. The demurrer was properly overruled.

The only other error relied upon by the appellant for reversal of this cause is the overruling of his motion for a new trial. The specifications in appellant's motion for a new trial are:

1. That the decision of the court is not sustained by sufficient evidence; and

2. That the decision of the court is contrary to law. To determine whether the trial court committed error

on its ruling on either of these specifications for new trial would require an examination of the evidence, and it is the contention of the appellee Nina C. Tinkham, that the evidence in this cause is not before us for the reason that what purports to be the original bill of exceptions containing the evidence is not shown to have been filed in the clerk's office by any order book entry, and that the same is not properly certified to by the clerk of the DeKalb Circuit Court.

An examination of the record discloses that upon the overruling of the motion for a new trial, an appeal was prayed to this court, and sixty days given in which to file a bill of exceptions containing the evidence. Thereafter, there was filed in the clerk's office a longhand manuscript of the evidence in this cause, certified to by the official reporter. It further appears from the certificate of the trial judge that on the 6th day of January, 1942, and within the time fixed for filing a bill of exceptions containing the evidence, such bill was presented to the court for a settlement and signature of the judge. Said bill of exceptions was approved by the court and the judge's certificate includes the statement: "And said bill of exceptions is now, on the 6th day of January, 1942, signed, sealed, and filed, and now made a number in the record in said case." The quoted part of the judge's certificate in so far as it relates to the actual filing of the bill is mere surplusage. *John Hancock Mutual Life Ins. Co.* v. *Keith* (1938), 105 Ind. App. 465, 15 N. E. (2d) 738.

Preceding the certificate of the judge, and following the transcript of the evidence, is a certificate of the clerk, executed on the 6th day of January, 1942, and on the same day that the longhand manuscript of the reporter was filed in the clerk's office, in which he certifies that the above and foregoing original longhand

manuscript of the evidence given in this cause was filed in the clerk's office on said 6th day of January, 1942. Following the judge's certificate is appellant's praecipe for the transcript on appeal, and following said praecipe, and constituting the last page of the transcript, there is another certificate of the clerk wherein he certifies that, "The above and foregoing transcript contains full, true, correct, and complete copies of all papers and entries in said cause filed in my office as such clerk and recorded in the records of this office, as required by the above and foregoing praecipe."

There is no order book entry showing the filing of the bill of exceptions containing the evidence, nor is there anything in either of the certificates of the clerk authenticating the filing in his office of said bill of exceptions subsequent to the settlement thereof by the trial court. The longhand manuscript of the evidence does not constitute a bill of exceptions. It requires a certificate of the trial judge to make it a complete bill. *John Hancock Mutual Life Ins. Co.* v. *Keith, supra; Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. (2d) 847. It follows, therefore, that the certificate of the clerk, preceding the judge's certificate, authenticating the filing of the longhand transcript of the official reporter was not sufficient to show that a bill of exceptions was filed. *John Hancock Mutual Life Ins. Co.* v. *Keith, supra.* The last and final certificate of the clerk, although it refers to the papers and entries as required by the praecipe, is wholly devoid of any certification to the filing of the bill of exceptions containing the evidence. This court said in the case of *John Hancock Mutual Life Ins. Co.* v. *Keith, supra:* "The fact that the bill was filed in the cause, and the date of such filing, must be shown either by an entry of record or by the certificate of the clerk."

Neither of these methods was followed in the instant case.

Subsequent to the oral argument, and on November 23, 1942, the appellant filed his petition asking that an order be entered in this cause authorizing, directing, and permitting the clerk of the DeKalb Circuit Court to correct and amend his certificate to the transcript to show the true facts relating to the filing of the bill of exceptions containing the evidence in the office of said clerk. The record discloses that the motion for a new trial, which was filed subsequent to the rendition of the judgment, was overruled on the 6th day of December, 1941, on which date the time granted under the Rules of the Supreme and Appellate Courts to take an appeal, to wit, ninety days, began to run. It, therefore, appears that appellant's petition to authorize the filing of an amended certificate by the clerk was not filed in this court until long after the ninety-day period, within which appellant could appeal from the judgment of the lower court, had expired. Under such circumstances the petition is of no avail to appellant, and is hereby denied. *Pahmeier* v. *Rogers* (1936), 102 Ind. App. 480, 1 N. E. (2d) 287; *Radcliff* v. *Meishberger* (1942), *ante* p. 135. There being no question presented for review upon the evidence, and having determined that the demurrer to the amended fourth paragraph of complaint was properly overruled by the trial court, the judgment of said court is hereby affirmed.

NOTE.—Reported in 45 N. E. (2d) 357.