N. O. NELSON MANUFACTURING CORPORATION *v.* DICKSON.

[No. 17,176. Filed December 16, 1943.]

*James L. Murray,* of Indianapolis, and *Waldo C. Ging,* of Greenfield, for appellant.

*Cloe & Campbell,* of Noblesville (*Samuel J. Offutt,* of Greenfield, of counsel) for appellee.

PER CURIAM:—The appellant, by its verified petition herein, represents and shows the court that it filed its bill of exceptions containing the evidence, taken at the trial of this cause, in the office of the clerk of the Hancock Circuit Court on the 16th day of July, 1943, but no record of such filing was entered in the order book of said court, and that the certificate of the clerk

attached to the transcript of the record fails to authenticate the filing of said bill of excepions on said date. That therefore on the face of the transcript, it appears that said bill of exceptions containing the evidence is not a part of the record. Said petition further alleges that on the 24th day of November, 1943, the said Hancock Circuit Court caused the order book entries of the proceedings in this cause to be corrected, by the entry, *nunc pro tunc*, of the following order:

> "Comes now the defendant in the above entitled cause, N. O. Nelson Manufacturing Corporation, and presents to the Court its bill of exceptions containing the evidence given and adduced in trial of said cause and tenders same to the Court for approval and signature. And the Court having examined said bill of exceptions containing the evidence now settles, approves and signs the same and orders that it be filed with the Clerk of the Hancock Circuit Court, Hancock County, State of Indiana, and made part of the record in said cause. And, said bill of exceptions containing the evidence is now on this 16th day of July, 1943, filed by the Clerk of the Hancock Circuit Court and made a part of the record in this cause."

The appellant now asks us to order the clerk of the Hancock Circuit Court to certify to this court a transcript of the order correcting the record as above indicated, together with the proceedings relating thereto. The appellee objects to the granting of the relief sought because the petition therefor was filed long after the appellant's time for perfecting its appeal had expired.

It was not until the 24th day of November, 1943, that the Hancock Circuit Court saw fit to correct its record, and, as its order in the matter was *nunc pro tunc*, it speaks as of July 16, 1943. The appellant's time for perfecting its appeal expired August 3, 1943,

so it is obvious that the relief involved in the present petition could neither have been sought nor granted before that date, as the corrective order had not then been entered.

The record now shows an order-book entry in the office of the clerk of the Hancock Circuit Court of the filing of the bill of exceptions containing the evidence on July 16, 1943. The transcript of the record on file here contains no copy of such entry. As the general terms of the praecipe include all orders of the court, we are of the opinion that the appellant has the right to have the transcript speak the truth as to the actual status of the record. We are referred to *Radcliff* v. *Meishberger* (1942), 112 Ind. App. 135, 43 N. E. (2d) 874, and *Tinkham* v. *Tinkham* (1942), 112 Ind. App. 532, 45 N. E. (2d) 357, as holding to the contrary.

In both of these cases there was neither an order-book entry showing the filing of the bill of exceptions nor a certification of such filing by the clerk. In each case, after the time for perfecting the appeal had expired, the appellant sought an order authorizing the clerk to amend his certificate to show that such bill of exceptions was actually so filed. The proceedings in both cases were to amend the faulty certificate of the clerk and not to make the transcript of the record comply with the record itself. In each instance the court very properly held that such relief must be sought before the time for an appeal has expired, or the remedy is lost. In the instant case, the question goes to the record itself and not to the mere certification thereof. Here the record actually contains an order-book entry as of July 16, 1943, a copy of which does not appear in the transcript. The relief sought could not have been prosecuted before August

3, 1943, because the missing entry was not made until November 24, 1943, *nunc pro tunc*. The propriety of the order *nunc pro tunc* is not before us, and we are bound to assume, on the state of the record, that the proceedings in reference thereto were regular. We are of the opinion that the appellant is entitled to the relief prayed for, and a writ of *certiorari* is hereby ordered.

NOTE.—Reported in 51 N. E. (2d) 895.